Peter A. Klc (Utah Bar # 14001)
Peter A. Klc and Associates, PLLC
P.A.K. Law
4725 S. Holladay Blvd. Ste 210
Salt Lake City, Utah 84117
Telephone: (801)679-9246
Email: peter@pak-law.com

*Attorney for Defendant, Federal Recovery Services*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| RICHARD CANNON, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>FEDERAL RECOVERY SERVICES, Inc. dba Paramount Acceptance<br><br>    Defendants. | **ANSWER**<br><br>Civil No. 2:18-cv-00822-DB<br><br>Judge Dee Benson |
|---|---|

Federal Recovery Services, Inc. dba Paramount Acceptance ("Defendant"), by and through its counsel hereby answers the Amended Complaint filed by Richard Cannon. ("Plaintiff") and asserts affirmative defenses as follows:

NATURE OF ACTION

1.      Admit.

JURISDICTION, VENUE, AND STANDING

2.      Deny to the extent that such implies the Plaintiff has standing. Admit the remaining allegations.

3.      Deny that Defendant used an ATDS to call Plaintiff despite Plaintiff's repeated requests for those autodialed calls to stop. Deny also to the extent that such implies Plaintiff has standing. Admit the remaining allegations.

4. Deny to the extent that such implies Plaintiff has standing. Admit the remaining allegations.

## THE TELEPHONE CONSUMER PROTECTION ACT

5. Admit.

6. Admit.

7. Admit.

8. Admit.

9. Admit.

10. Admit.

## THE TEXAS DEBT COLLECTION STATUTE

11. Admit.

12. Admit.

13. Admit.

## PARTIES

14. Admit.

15. Admit.

16. Admit.

17. Deny the implication that Defendant business consist solely of debt collection.

18. Deny.

## FACTUAL ALLEGATIONS

19. Admit

20. Deny for lack of sufficient information and belief.

21. Admit.

22. Deny that Defendant's principal purpose is the collection of any debts.

23. Deny.

24. Deny for lack of clarity as to the definition of "turnkey billing solution".

25. Deny that businesses contract with Defendant to collect past due monthly membership payments and Deny the implication that Defendant's service consists solely of payment processing.

26. Admit.

27. Admit that Plaintiff sign up for a gym membership but deny that such occurred on November 17, 2017 and deny for lack of clarity as to the definition of "thirty day, no obligation gym membership".

28. Deny for lack of sufficient information and belief as Plaintiff's Membership Agreement provides information, including, without limitation, Plaintiff's home telephone number, which, upon information and belief, was provided by Plaintiff for the purpose of obtaining a gym membership.

29. Deny.

30. Deny for lack of sufficient information and belief.

31. Deny for lack of sufficient information and belief whether Plaintiff canceled his gym membership, when he canceled his gym membership and whether Plaintiff owed monthly payments. Admit that Defendant sent welcome emails to Plaintiff.

32. Deny that Defendant placed calls to Plaintiff's wireless telephone number as the number provided on the Membership Agreement is, upon information and belief, Plaintiff's home phone number.

33. Deny for lack of sufficient information and belief.

34. Deny for lack of sufficient information and belief and deny the implication that Defendant received any such emails.

35. Deny for lack of sufficient information and belief and deny the implication that Defendant did not have Plaintiff's prior express consent.

36. Deny for lack of sufficient information and belief and deny for lack of clarity as to when Plaintiff's consent was allegedly revoked.

37. Deny for lack of sufficient information and belief and deny the implication that Defendant received any such email.

38. Deny for lack of sufficient information and belief and deny the implication that Defendant received any such email.

39. Deny for lack of sufficient information and belief and deny for lack of clarity as to when Plaintiff's consent was allegedly revoked.

40. Deny for lack of sufficient information and belief and deny for lack of clarity as to when Plaintiff's consent was allegedly revoked.

41. Deny for lack of clarity as to the definition of "automated, computerized dialing system".

42. Deny for lack of clarity as to the definitions of "many" and "automated, computerized dialing system".

43. Deny for lack of clarity as to the definition of "store".

44. Deny for lack of clarity as to the definitions of "store" and "large lists".

45. Deny for lack of clarity as to the definitions of "large volume" and "short period of time".

46. Deny for lack of clarity as to the definition of "dialing campaign".

47. Deny for lack of clarity as to the definitions of "stored" and "dialing campaign. Deny also that numbers are dialed in a random order.

48. Deny for lack of clarity as to the definitions of "generates" and "dialing campaign".

49. Deny the implication that the Dialing System does not consider the amount of incoming calls within a certain time frame.

50. Deny for lack of sufficient information and belief.

51. Admit.

52. Deny.

53. Deny the implication that Defendant had knowledge the number was Plaintiff's wireless number.

54. Deny the implication that Defendant had knowledge the number was Plaintiff's wireless number.

55. Deny the implication that Defendant had knowledge the number was Plaintiff's wireless number.

56 Deny the implication that Defendant had knowledge the number was Plaintiff's wireless number.

57. Admit that Defendant maintains business recorders but deny that additional violations exist and that Defendant had knowledge the number was Plaintiff's wireless number.

## CLASS ALLEGATIONS

58. Defendants incorporate their responses to the previous paragraphs as though set forth herein.

59. Deny for lack of clarity as to the definition of "large number".

60. Deny.

61. Deny that Defendant maintains audio recordings. Admit the remaining allegations.

62. Deny for lack of sufficient information and belief.

63. Deny for lack of sufficient information and belief.

64. Deny for lack of sufficient information and belief.

65. Deny for lack of sufficient information and belief.

66. Deny for lack of sufficient information and belief.

67. Deny.

68. Deny.

69. Deny.

70. Deny.

71. Deny for lack of sufficient information and belief.

72. Deny for lack of sufficient information and belief.

73. Deny.

74. Deny.

75. Deny.

76. Deny.

77. Deny.

### COUNT I
VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

78. Defendants incorporate their responses to the previous paragraphs as though set forth herein.

79. Deny.

WHEREFORE, Defendant denies that Plaintiff is entitled to the relief requested.

## COUNT II
## TEX. FIN. CODE § 392.302(4)

80. Defendants incorporate their responses to the previous paragraphs as though set forth herein.

81. Deny.

WHEREFORE, Defendant denies that Plaintiff is entitled to the relief requested.

## TRIAL BY JURY

82. Deny that Plaintiff is entitled to a trial by jury.

Any allegation not specifically admitted herein is hereby denied.

## DEFENSES

1. Plaintiff's complaint fails to state a claim upon which relief can be granted and is subject to dismissal under Fed. R. Civ. P. 12(b)(6).

2. Plaintiffs claims are barred by the applicable statute of limitations.

3. Plaintiff lacks standing to bring this claim pursuant to an offer of judgment made in accordance with Fed R. Civ. P. 68.

4. Plaintiff's claims fail to satisfy the pre-requisites for a Class Action in accordance with Fed R. Civ. P. 23(a) and (b).

5. Plaintiff's claims fail because Plaintiff's consented to contact alleged by Plaintiff.

6. Plaintiff's claims are barred by the doctrines of waiver, estoppel, and laches.

7. Plaintiff's claims are barred for failure to join necessary and indispensable parties as required in accordance with Fed. R. Civ. P. 19.

8.  Plaintiff's claims fail because he doesn't allege actual damages and because he does not meet his duty mitigate those damages.

9.  Plaintiff's request for treble damages fails because Defendant did not know the number was Plaintiff's wireless number.

10. Plaintiff's request to enjoin Defendant is moot.

11. Plaintiff's request for attorney fees is not supported by contract or by statute.

12. Defendant reserves the right utilize any of the affirmative defenses set forth in Fed. R. Civ. P. 8(c).

13. Defendant reserves the right to add to these affirmative defenses in the event additional defenses become available during or following discovery.

## RELIEF

WHEREFORE, Defendants respectfully pray for relief as follows:

1.  That the Plaintiff's Complaint be dismissed, and Plaintiff be awarded nothing thereon;

2.  That the Defendants be awarded their attorney's fees and costs incurred herein; and

3.  For such other and further relief as the Court deems appropriate in the circumstances.

DATED this 14th day of February 2019       Peter A. Klc and Associates, PLLC

/s/ Peter A. Klc
Peter A. Klc

CERTIFICATE OF SERVICE

I, Peter A. Klc, do hereby certify that on this 14th day of February 2019, a true and correct copy of the foregoing ANSWER was sent by electronic mail to the following recipients

Curtis R. Hussey
chussey@consumerlawinfo.com

David McDevitt
dmcdevitt@thompsonconsumerlaw.com

DATED this 14st day of February 2019         Peter A. Klc and Associates, PLLC

/s/ Peter A. Klc
Peter A. Klc,